UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
at Louisville

SHANNON E. WILLARD
3610 Blueberry WAY
Jeffersonville, Indiana 47130
    Plaintiff

**COMPLAINT**   3:23CV-273-RGJ

vs.

HUMANA, INC.
500 West Main Street
Louisville, Kentucky 40202
Serve in care of:   CT Corporation System
                     306 W Main ST STE 512
                     Frankfort, Kentucky 40601
and
UNUM LIFE INSURANCE COMPANY OF AMERICA
2211 Congress Street
Portland ME 04122
Serve in care of:   Corporation Service Company
                     421 West Main Street
                     Frankfort, KY 40601
    Defendants

\* \* \* \* \*

Comes the plaintiff, Shannon E. Willard, by counsel, and for her cause of action against the defendants, Humana, Inc. and Unum Life Insurance Company of America, states as follows:

PARTIES, JURISDICTION AND VENUE

1.    This Court has jurisdiction of this civil action pursuant to 29 U.S.C. Sec. 1132(e)(1) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sec. 1001, et. seq. ("ERISA"), in that it involves claims relating to and in connection with employee benefit plans established or maintained by an employer and governed by ERISA.

2. Venue is proper in this Court pursuant to 29 U.S.C. Sec. 1132(e)(2) in that this ERISA action is brought in the judicial district wherein some or all defendants maintain a substantial presence.

3. This is an action to recover benefits under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA" herein) arising out of the employee benefit plan(s), program(s) and arrangement(s) for employees, such as the plaintiff; and for restitution for the value of lost benefits; and for other appropriate relief brought under the provisions of ERISA, 29 U.S.C. Sec. 1132(a)(1)(B).

4. The plaintiff, Shannon E. Willard, is a resident of Clark County, Indiana.

5. Upon information and belief, the plaintiff, at all times relevant hereto, was an employee of Humana, Inc. ("Humana"). Humana provided to its employees, including the plaintiff, and/or gave its employees the opportunity to participate in certain benefits, including a long-term disability plan, which plan appears to be named "Humana, Inc." Humana, Inc. is the Plan Administrator, and the plan benefits are administered by the insurer, Unum Life Insurance Company of America ("Unum").

6. Some or all of Humana's plans are employee benefit plans under ERISA. The defendant, Humana, Inc., a Delaware corporation, maintains a substantial presence in Jefferson County, Kentucky, where the plaintiff worked, and its principal office is located at 500 West Main Street, Louisville, Kentucky 40202. Humana conducts substantial business in Jefferson County, Kentucky. Humana also promised, at all relevant times, to provide benefits under the plan to employees of Humana, such as the plaintiff, Shannon Willard. Certain benefits, which plaintiff alleges to have been

wrongfully denied her, are provided to Humana employees as the policyholder and are issued through defendant Unum Life Insurance Company of America ("Unum").

7. As part of its employment package offered to its employees, Humana, Inc. maintains or sponsors employee benefit plans, programs, and arrangements to which employees of Humana, including the plaintiff Shannon E. Willard, are and were eligible to participate, specifically including a long-term disability policy.

8. Defendant Humana, Inc. is the Plan Administrator of the long-term disability plan covering the plaintiff and is the fiduciary of some or all of the Humana ERISA Plan(s), in particular the plan covering the plaintiff, Shannon E. Willard.

9. Defendant, Unum Life Insurance Company of America ("Unum"), is an insurance company with its statutory home office located at 2211 Congress Street, Portland, Maine 04122 and is an authorized insurer registered with the Kentucky Department of Insurance. To the plaintiff's knowledge and belief, such insurers are authorized to do the business of insurance by holding a Kentucky Certificate of Authority. Per the Plan's provisions, the disability plan benefits are administered by the insurer, defendant Unum Life Insurance Company of America, and are provided in accordance with the insurance policy issued to the Plan/ Policyholder under Group Policy Number 137513 001.

## FACTS

10. The plaintiff, Shannon E. Willard, worked as an employee of defendant Humana in Jefferson County, Kentucky prior to becoming disabled. The plaintiff's work was classified as "Provider Network Operations Analyst." She participated in Humana's

employee benefit plans and arrangements and received benefits made available to the employees of Humana generally during her employment.

11. As part of Humana's employee benefits, Humana made long-term disability insurance coverage available to its employees under the defendant plan.

12. In 2006, the plaintiff applied to for short-term disability benefits and, thereafter, long-term disability benefits. Unum accepted her applications and awarded the plaintiff disability benefits beginning June 21, 2006. However, on October 14, 2021, Unum, on behalf of Humana, Inc., the plan, terminated the payment of any disability benefits to the plaintiff beyond October 14, 2021 (see **Exhibit 1**).

13. Thereafter, the plaintiff timely appealed this determination.

14. Unum, on behalf of Humana, Inc., denied plaintiff's appeal on June 2, 2022, making a final and appealable decision that benefits were not payable beyond October 14, 2021, finding plaintiff "was able to perform the duties of her occupation as of October 15, 2021." (See Unum letter dated June 2, 2022 attached as **Exhibit 2**).

15. The defendant Plan defines "disabled" for the time period in question to mean:

-- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
-- you have a 20 percent or more loss in your indexed monthly earnings due to the same sickness or injury.

After 36 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

Material and substantial duties means duties that
-- are normally required for the performance of your regular occupation; and
-- cannot be reasonably omitted or modified.

> Regular occupation means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.

16. The plaintiff worked for defendant Humana until June 20, 2006, at which time she claimed disability and took a leave of absence on the advice of her physician(s), as plaintiff was advised by her physician(s) that she could not return to work as she suffered from severe, debilitating symptoms caused by or related to multiple sclerosis (MS). In addition, the plaintiff has, and continues to suffer from the debilitating effects of the following severe and significant medical conditions and diseases:

(a) <u>Subependymona</u>: a slow-growing, benign tumor shown in the left ventricle of plaintiff's brain, confirmed in MRIs dated 2008, 2015, 2019 and 2021;

(b) <u>Von Willenbrand Disease</u>: a blood disorder in which the blood does not clot properly. This condition complicates – even if it does not prohibit – any surgical intervention to attempt to treat the brain tumor or any other condition that might require considering surgical intervention;

(c) <u>Common Variable Immuno-Deficiency</u> ("CVID"): Plaintiff has a confirmed history of common variable immuno-deficiency and takes regular infusions because of this condition; CVID causes frequent ear and sinus infections, along with chronic diarrhea with weight loss, among other debilitating conditions.

(d) <u>Cervical Spinal Cord Myelomalacia and Spinal Cord Atrophy</u>: Plaintiff's present treating neurologist, Anna V. Bite, D.O., has not ruled out that the plaintiff has had and continues to suffer from multiple sclerosis. Dr. Bite has opined and has stated

in plaintiff's medical records that, even if the plaintiff's MS is in remission, the plaintiff continues to suffer from the lingering effects of cervical spinal cord myelomalacia, probably originating from diving into a shallow swimming pool at age 10 years and hitting her head on the bottom of the pool. From that date forward, plaintiff has continually and consistently suffered from numbness and tingling, not just in her extremities, but from head to toe; has had continued neck and back pain, considerable nauseousness, and extreme dizziness; and suffers confusion and sleepiness that prohibits her from performing any sedentary activity. Dr. Bite also found from her review of the June 23, 2019 MRI of plaintiff's cervical spine that plaintiff has "significant flattening and atrophy of the cord from the C4-C5 level to the C5-C6 level" and "some ill-defined signal change within the cord at these levels."

(e)     Pain: As a result of the combination of plaintiff's many documented diagnoses of severe, complex and significant diseases and/or injuries, plaintiff suffers severe pain on a daily basis. Although Unum acknowledges that Shannon Willard's MRIs confirm degenerative changes in her spine, Unum, in its denial and termination of plaintiff's benefits, disputes the severity of plaintiff's conditions for reasons that are arbitrary and capricious, including but not limited to the following:

>   (i)     that plaintiff did not undergo spinal surgery (which would be a last resort because of her Von Willenbrand Disease diagnosis). Unum also claims that the degenerative changes are "not outside of what is anticipated for her age" – without any acknowledgment that plaintiff's conditions commenced as an adolescent up to and including into her 20s, which could not have been triggered by "age"; and

(ii) that plaintiff does not take opiates – ignoring that the plaintiff became addicted to her prescribed opiate medication during a ten-year period after she was diagnosed with MS over 15 years ago. She has continued the daily fight to stay off such medications to avoid the insidious addiction such medications are known to cause.

(f) <u>Numbness and "Burning Pain" in hands and wrists</u>: The Plaintiff also suffers from long-term symptoms similar to carpal tunnel syndrome (CTS). These symptoms commenced when plaintiff was 19 years of age. Plaintiff saw a hand specialist at Kleinert Kutz for a reevaluation in 2019. She underwent injections in her wrist with no improvement. Plaintiff also attempted physical therapy which made her hands hurt even worse. Plaintiff believes, based upon her consultation with Dr. Bite and history of long-standing hand and wrist numbness and pain and instructions from her neurologist, that her conditions are similar to CTS but are more probably caused by her Cervical Spinal Cord Myelomalacia in combination with her other significant conditions described herein; in the plaintiff's medical records; and in the Record. As a result of this particular condition alone, plaintiff cannot perform many of the sedentary tasks that would be assigned to her so that she could be gainfully employed doing jobs such as keyboarding and other clerical tasks that plaintiff supposedly can perform pursuant to the Plan's decision.

(g) <u>Positive Rhomberg Test</u>: The medical records and reports of Dr. Camilo M. Castillo, Dr. Greta Ganesh, and Dr. Anna Bite all confirm that the plaintiff has been tested many times and that she consistently has had a positive Rhomberg Test. Rhomberg is the gold standard for determining the extent of a patient's balance issues.

The plaintiff's balance is affected when she turns her head quickly – up or down or right to left. In such case, she loses balance and falls. Plaintiff could not routinely look back and forth to and from a transcript and a computer monitor/screen – required for most, if not all sedentary work – without getting nauseous and falling.

(h)     <u>Bowel and Bladder Issues</u>:     The plaintiff has a significant confirmed history of bowel and bladder disease at least since 13 years of age. These conditions cannot be solved by "catheterization" and "access to a bathroom" as claimed by Unum in its denial, as there are many days that the plaintiff must sit on a toilet for hours at a time to deal with these identified conditions.

(1)     Bowel issues: The defendant Unum discounts plaintiff's bowel condition, despite an anomanometry study dated May 25, 2021 that confirmed "paradoxical contraction during simulated defecation." This is based upon an undocumented and unsupported suggestion by Unum in its denial that "the external anal sphincter can be voluntarily contracted." As a result, Unum declared that this study was "concerning," claiming that the plaintiff "less-than-full[y] cooperat[ed] with testing." The plaintiff's medical history reveals that she had a hernia surgery some 30 years ago (at age 13) as a result of attempting to have bowel movements. Such long-term impairment complicates plaintiff's ability to satisfy Unum's reviewer in this regard and dispels any rational declaration that the plaintiff failed to cooperate with testing.

(2)     Bladder issues: The plaintiff has documented interstitial cystitis (also known as an "angry bladder") and a "neurogenic bladder" per Dr. Bite's diagnosis. The plaintiff was followed for years by Kellen Bo Yung Choi, D.O., and now by Jamie Messer, MD at U of L Urology for this disease. This is a very painful, chronic condition

that requires the plaintiff to urinate up to 40 times per day.  This condition cannot be controlled by a gluten-free diet as Unum has suggested in its denial and catheterization would be draconian and overly restrictive and would add to and not halt the pain.    In addition, long-term catheterization is not recommended, as long-term use can result in bacteriuria, Urinary Tract Infections, blockage and leakage around the catheter.

(i) <u>Anxiety/Depression, Cognitive Dysfunction, and Pathologic Fatigue</u>: Dr. Bite also listed anxiety and depression, severe pathologic fatigue and cognitive dysfunction as part of plaintiff's symptoms/diagnoses.  Plaintiff's cognitive dysfunction includes STM deficits and difficulty organizing her thoughts in her progress notes from plaintiff's February 5, 2022 office visit.  Pathological fatigue is a long-lasting symptom of neurological disorders which causes limited endurance; requires extremely long recovery after exertion; and leads to decreased mental energy which does not recover following sleep.  Chronic pathological fatigue limits a person's ability to perform normal daily activities, including work, education and social activities, and negatively impacts a patient's quality of life.   Dr. Bite's finding that plaintiff has <u>severe</u> pathological fatigue appears to be a contributing factor to Dr. Bite's February 15, 2022 opinion that plaintiff is not able to return to gainful employment going forward.

17. The plaintiff has been awarded Social Security Disability benefits arising out of the medical conditions set forth herein, which continue unabated.

## CLAIM FOR RELIEF

### COUNT I
### Claim for ERISA Benefits

18. The plaintiff reiterates and realleges all of the allegations contained in paragraphs one through 17 above, except where in conflict or contrast to the allegations made herein.

19. At all times relevant hereto, the plaintiff's condition as described herein meets or surpasses the disability criteria as defined in the plan.

20. The Defendants' denial of plaintiff's long-term disability benefits is arbitrary and capricious. At no time has defendant Unum on behalf of Humana, Inc., the plan, articulated a rational or sound basis for its denial of plaintiff's claim. Unum's and Humana's decision to deny continued long-term disability benefits to the plaintiff has served to breach the fiduciary duty the Plan owes to the Plan participants, generally, and to the plaintiff, Shannon Willard, specifically.

21. As a result of the defendants' breach, the plaintiff, Shannon Willard, has suffered damages including but not limited to the loss of long-term disability payments available to the plaintiff and any other employment benefits that she and other plan participants are entitled to receive under ERISA and the plan after October 14, 2021.

22. Pursuant to the terms and conditions of the defendant plan, the plaintiff is entitled to receive financial benefits established and maintained by Humana, Inc., specifically including long-term disability benefits due under the Plan as administered by defendant Unum, from October 15, 2021 through present date and thereafter, in which Plan the plaintiff would have been entitled to continue to participate and would have

continued to receive benefits had Unum appropriately reviewed and approved the continuation of her long-term disability benefits.

23. As a direct and proximate result of the actions of the defendants in denying plaintiff's claim for long-term disability, the plaintiff has lost benefits under the defendant(s)' Plan in an amount not yet known in full by the plaintiff at this time. The plaintiff is also entitled to receive attorney fees, her costs expended in this action, and all other relief to which she may be entitled under the Plan.

WHEREFORE, the plaintiff, Shannon E. Willard, respectfully requests this Court to enter a final judgment against the defendants as follows:

(1) For declaratory judgment against the defendants on plaintiff's claims for benefits under the defendant Plan; and for interference with protected rights; and any and all other relief to which the plaintiff may be entitled under the provisions of the defendant Plan as governed by ERISA, and under the provisions of state law with respect to the defendant Plan not governed by ERISA, including vesting and calculation of benefits under the defendant Plan based on her service with the defendant company, Humana, Inc.;

(2) Interest on all amounts wrongfully denied to the plaintiff;

(3) The costs and the reasonable attorney fees the plaintiff expends in this action; and

(4)     Any and all other relief to which she may appear entitled.

    /s/ J. Gregory Joyner
J. GREGORY JOYNER
J. GREGORY JOYNER, PLLC
JOYNER LAW OFFICES
2300 Hurstbourne Village Drive STE # 700
Louisville, Kentucky 40299
(502) 491-7551; fax: (502) 491-7558
greg@joynerlawoffices.com
faline@joynerlawoffices.com
COUNSEL FOR PLAINTIFF